UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY JOE ABNEY, II, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 4:07CV01240 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Jimmy Joe Abney, II's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

The arguments Jimmy Joe Abney, II ("Petitioner") makes in his 28 U.S.C. § 2255 motion for the reduction of his sentence are:

(1) his age,
(2) that his prior convictions were non-violent,
(3) that there is no relation between his prior convictions and the instant offense,
(4) it is unlikely that he will re-offend,
(5) that the Court relied on incorrect information from the Missouri Department of Corrections in sentencing Petitioner, and
(6) that Petitioner's criminal behavior is rooted in alcohol abuse, and he has now successfully completed rehabilitation classes at the Missouri Department of Corrections.

## I.    PROCEDURAL DEFAULT

"A § 2255 motion is not a substitute for direct appeal" and accordingly, § 2255 claims may be limited by procedural default. *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Petitioner did not file a direct appeal, and accordingly, he did not raise any of the pending issues on a direct appeal. Claims that are not raised on direct appeal are

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). Petitioner has demonstrated neither cause for his default, nor actual prejudice or actual innocence. Therefore, Petitioner may not raise these issues in a motion under 28 U.S.C. § 2255.

## II. APPEAL WAIVER

The Court notes that Petitioner's claims also fail because the arguments he is raising were waived in his plea agreement. In his plea agreement, Petitioner agreed not to raise any issues on a 28 U.S.C. § 2255 motion other than the ineffective assistance of counsel and prosecutorial misconduct. Plaintiff has not alleged either of these issues in his Motion. Plea agreements that include appeal waivers are enforceable. *See United States v. Clayborn*, 249 F.App'x. 495 (8th Cir. 2007). No evidence has been presented that Petitioner did not understand or voluntarily accept the terms of his plea agreement, and the grounds Petitioner has raised in this motion were properly waived by his plea agreement. Petitioner's claims fail because they were procedurally defaulted, and because Petitioner waived these claims in his plea agreement.

## III. CLERICAL ERROR

While Petitioner's claims under 28 U.S.C. § 2255 fail due to procedural default and the terms of his plea agreement, Petitioner's allegations have brought to light a clerical error. Petitioner alleges that the Court did not rely upon accurate information from the Missouri Department of Corrections in setting Petitioner's sentence. The Court has investigated these allegations, and has determined that Petitioner is correct. This clerical error may be remedied under Fed. R. Crim. P. 36.

At the time of Petitioner's sentencing hearing, on November 16, 2005, Petitioner's probation had been revoked, and he was serving time in the Missouri Department of Corrections.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Missouri Department of Corrections informed the probation officer who relied on the representations in the presentence investigation report, that Petitioner's presumptive parole date was October 21, 2006.  The Court's reliance on this date is evident in the hearing transcript:

| | |
|---|---|
| The Court: | This report seems to indicate under 5G1.3 A, this sentence doesn't fall under C and that I don't have any choice about consecutive or concurrent. If I had a choice of concurrent, that's what I would do, but if I don't have a choice under the law, then that's what I'll have to do.  Can you tell me how that -- how that applies? |
| Probation Officer: | Your Honor, he's actually in -- when this report was submitted was October 19th, he did have some period of that undischarged term, but his parole expired on October 21st, so he will, in effect, once he's done with federal time, he is done with his state sentence. |
| The Court: | Great. Okay. That's fine.  Thank you.  I'm relieved about that. |

The Court then went on to sentence Petitioner to a twenty-one month imprisonment term.[1]  Based on the representations made by the Missouri Department of Corrections, the Court believed that Petitioner's term had been completed and that Petitioner's federal sentence would begin on that date.  However, the Court has now learned that Petitioner's term with the Missouri Department of Correction did not end until May 30, 2007.  As a result, Petitioner did not begin serving his federal sentence until May 30, 2007.

The transcript quoted above clearly indicates that the Court believed that Petitioner would begin serving his federal sentence on the date of the sentencing hearing;  November 16, 2005.  The Court imposed the twenty-one month sentence on the understanding that Petitioner would begin serving that time immediately.  Had the Court known that the information provided by the

---

[1] Immediately after making the statements above, the Court orally issued Petitioner's sentence.  The oral sentence given at the sentencing hearing does not specify when Petitioner's sentence was to begin or whether it was to be served concurrently or consecutively.  However, the Court's written Judgment states that the "sentence shall run consecutively to the sentences in cases: CR197-1953FX in Jefferson County, Missouri and 00CR-0139 in St. Louis County, Missouri."

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Missouri Department of Corrections was incorrect, the Court would have reduced Petitioner's sentence accordingly.

Several limits are placed on a court's ability to correct a sentence. A district court needs specific authorization to correct a sentence, and the correction may not correct an error of law or judgment. Additionally, a correction may not make a substantive alteration to the sentence, Fed. R. Civ. P. 36 cannot be used to remedy a judicial error, and a court may not correct a judgment to bring it into line with its unexpressed expectations. The Court will consider each of these limits separately.

### A. *Specific Authorization*

A district court "may not substantively alter a judgment without specific authorization." *United States v. Bennett*, 423 F.3d 271, 277 (3d Cir. 2005) (*quoting United States v. DeLeo*, 644 F.2d 300, 301 (3d Cir. 1981)). Specific authorization for this amendment is provided by the Federal Rules, which state that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.[2] As long as the requirements under this rule are satisfied, the Court may alter Petitioner's written Judgment.

### B. *Error of Law or Judgment*

This Rule should not be used to correct "an error of law" or an error "of judgment." *United States v. Werber*, 51 F.3d 342, 247-48 (2d Cir. 1995); *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996). After consideration, the Court has determined that the sentencing error that

---

[2] This rule states that the correction may be made "after giving any notice [the court] considers appropriate." Fed. R. Crim. P. 36. As Petitioner raised this issue in his 22 U.S.C. § 1983 Petition, the Court does not find that additional notice or a hearing is necessary. *See United States v. Portillo*, 363 F.3d 1161, 1166 (11th Cir. 2004); *United States v. Leisure*, 377 F.3d 910, 917 (8th Cir. 2004) (*rev'd on other grounds*, 412 F.3d 857 (8th Cir. 2005).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

took place was not an error of judgment or an error of law. The error was based on misinformation provided by the Missouri Department of Corrections. In correcting this error, the Court is undertaking the "mechanical" correction of an error that resulted in the implementation of a sentence that did not begin running at the time the Court intended. *See United States v. Burd*, 86 F.3d 285 (2d Cir. 1996). This requirement is satisfied.

### C. *Substantive Alteration to a Criminal Sentence*

It has also been held that this rule should not be used "to make a substantive alteration to a criminal sentence." *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003). The change the Court makes today will not substantively alter Petitioner's sentence. While the Court does reduce the term of the sentence, the reduction only serves to bring Petitioner's sentence into conformance with the sentence the Court intended Petitioner to receive. The erroneous information provided by the Missouri Department of Corrections resulted in Petitioner's sentence running six months too long, and the Court now makes a mechanical correction to eliminate the additional months Petitioner is facing due to this error. This is not a "substantive alteration to a criminal sentence" as the alteration merely adjusts Petitioner's sentence so that the end date is in conformance with what it would have been, had Petitioner's sentence begun running on the day of the sentencing hearing. *Id.*

### D. *Judicial or Clerical Error*

Some courts have ruled that "Rule 36 is considered generally inapplicable to *judicial* errors and omissions." *See United States v. Fahm*, 13 F.3d 447, 454 n.8 (1st Cir. 1994) (emphasis in original). However, this exception does not bar relief for Petitioner as the error that was made was not the error of the Court, but was instead made by the Missouri Department of Corrections. This was not a judicial error, and this exception will not stop the Court from granting Petitioner relief.

### E. *Unexpressed Sentencing Expectations*

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Court expressed its sentencing expectations at the sentencing hearing, and accordingly, the correction of this error is readily distinguishable from *United States v. Werber*. *See* 51 F.3d 342 (2d Cir. 1995). In *Werber*, the district court believed that the defendants would receive credit for time served. *Id.* at 344. When the district court learned that this was not correct, it downwardly departed to give defendants "guideline credit" for their time served. *Id.* The Second Circuit held that Fed. R. Crim. P. 36 could not be used to "effectuate [a court's] unexpressed intentions at the time of sentencing." *Id.* at 343. This case is distinguishable as the Court expressed its intention that Petitioner's sentence begin running immediately at the sentencing hearing. This correction works to bring the Court's written Judgment into conformance with what was stated orally by the Court at the sentencing hearing. *See United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

**IV.   CONCLUSION**

Petitioner's claims under 28 U.S.C. § 2255 fail because they were procedurally defaulted, and because Petitioner waived these claims in his plea agreement. However, the Court finds that a clerical error was committed in Petitioner's sentencing due to the Court's receipt of incorrect information from the Missouri Department of Corrections. Correcting Petitioner's sentence to a fifteen-month term does "no more than conform the sentence to the term which the record indicates was intended." *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984). All requirements for correcting a clerical error under Fed. R. Civ. P. 36 are satisfied, and this remedy is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jimmy Joe Abney, II's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's Motion.

**IT IS FURTHER ORDERED** that the Clerk of Court is to enter an amended and corrected Judgment in Cause no. 4:06CR00302 consistent with this opinion. The Judgment should be amended to read that Petitioner is to be imprisoned for a total term of fifteen (15) months. No other corrections shall be made to the Judgment.

Dated this 25th day of April, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com